**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Loc T.,

      Petitioner,

v.

Pamela Bondi, *Attorney General*, et al.,

      Respondents.

Case No. 25-cv-4705 (PJS/DTS)

**REPORT AND RECOMMENDATION**

### INTRODUCTION

Petitioner Loc T. has been detained by United States Immigration and Customs Enforcement (ICE) since December 13, 2025, following the revocation of a decades old Order of Supervision that had governed his release since 2009. Loc T. challenges his re-detention through a Petition for Writ of Habeas Corpus, arguing that ICE violated 8 U.S.C. § 1231 and its own implementing regulations when it revoked his supervision without adequate notice or reason.

The Government asserts that Loc T.'s re-detention is lawful because ICE determined that changed circumstances now render his removal to Vietnam significantly likely in the reasonably foreseeable future. However, as explained below, ICE failed to comply with the requirements set forth in 8 C.F.R. § 241.13. Specifically, ICE did not timely or adequately notify Loc T. of the reasons for revoking his release, nor did the Government meet its burden of demonstrating that there was a change in circumstance that warrants his re-detention.

Because the Government failed to follow its own regulations governing the revocation of an order of supervision, Loc T.'s detention is unlawful. Accordingly, the

Court recommends that the Petition for Writ of Habeas Corpus be granted insofar as it seeks Loc T.'s immediate release from custody, in accordance with his preexisting Order of Supervision.

**FINDINGS OF FACT**

Loc T. is a native and citizen of Vietnam who entered the United States in 1989. Robinson Decl. ¶ 4, Dkt. No. 7. On June 29, 2009, ICE initiated removal proceedings against Loc T. and transferred him into ICE custody. *Id.*, Ex. A at 1, Dkt. No. 7-1. In July 2009, an Immigration Judge (IJ) ordered Loc T. be removed to Vietnam. *Id.* ¶ 6. On October 13, 2009, Loc T. was released from ICE custody pursuant to an Order of Supervision. *Id.* ¶ 7.

On December 13, 2025, ICE arrested Loc T. and revoked his Order of Supervision. *Id.* ¶ 8, Ex. A at 1. Loc T. was served with written notice of the revocation on December 23, 2025.[1] *Id.* at 2. The notice states Loc T. was brought back into ICE custody because of "changed circumstances" which now make "removal from the U.S…significantly likely in the reasonably foreseeable future." *Id.* at 1. Since his arrest, Loc T. has been detained at the Freeborn County Jail in Albert Lea, Minnesota. *Id.* ¶ 10.

On December 18, 2026, Loc T. filed the operative Petition for Writ of Habeas Corpus. *See* Pet., Dkt. No. 1. Loc T.'s Petition includes five counts. *Id.* ¶¶ 97-138. In Count One, Loc T. contends his continued detention violates 8 U.S.C. § 1231. *Id.* ¶¶ 97-102. In Count Two, he alleges the Government violated its own regulations by failing to provide adequate notice that his Order of Supervision was revoked; and by failing to

---

[1] Loc T. claims in his Petition that he received the Notice of Revocation of Release "[o]n or around…December 15, 2025[.]" Pet. ¶ 40. The record establishes the Government served notice on December 23, 2025. Robinson Decl., Ex. A at 2.

specify the "changed circumstances" that now render his removal significantly likely in the reasonably foreseeable future. *Id.* ¶¶ 103-113. In Count Three, Loc T. claims the Government's action is arbitrary and capricious under the Administrative Procedures Act. *Id.* ¶¶ 114-120. In Counts Four and Five, he contends that his re-detention violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 121-138. For relief, Loc T. requests: (1) an order restraining the Government from moving Loc T. during the pendency of the Petition; (2) an order requiring the Government to provide 72-hour notice of any intended movement of Loc T.; (3) an order requiring Loc T. be provided due process before removal to a third country; (4) expedited consideration; (5) immediate release from custody under an order of supervision (6) a declaration that the Government's action is arbitrary and capricious; (7) a declaration that Loc T.'s detention violates the Due Process Clause of the Fifth Amendment; and (8) reasonable attorneys' fees and costs under the Equal Access for Justice Act. Pet. 28-29 (Prayer for Relief).

## ANALYSIS

### I.    Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL

2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691,703 (D. Minn. 2025)).

## II.    Statutory Framework

8 U.S.C. § 1231, which governs detention of persons subject to a final order of removal, provides that once "an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). The Government may detain a noncitizen past the statutory 90-day period if the noncitizen is a criminal offender, poses a risk to the community, or is unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). "If no exception applies, an alien who is not removed within the 90-day removal period will be released subject to supervision." *Johnson*, 594 U.S. at 529.

Once a noncitizen is released on an order of supervision, the noncitizen's re-detention is governed by the Government's own regulations. 8 C.F.R. § 241.13 provides that an order of supervision may be revoked for: (1) failure to comply with the "conditions of release[;]" or (2) "if, on account of changed circumstances, the [Government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." § 241.13(i)(1)-(2). The regulation further requires the Government to notify the noncitizen "of the reasons for revocation of his or her release[,]" and it must promptly "conduct an initial informal interview…to afford the alien an

4

opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3). Moreover, "[s]ection 241.13 places the burden on ICE to establish that 'changed circumstances' justified the revocation of release." *Garrison G. v. Bondi*, No. 26-CV-172, 2026 WL 157677, at *3 (D. Minn. Jan. 17, 2026) (collecting cases).

## III.     Regulatory Claims

Loc T. argues his detention is unlawful because ICE violated its own regulations by providing insufficient notice of revocation and by failing to establish the changed circumstances that render his removal significantly likely in the reasonably foreseeable future. *See* Pet. ¶¶ 40-56. Because the Court finds that Loc T. is entitled to habeas relief on these grounds, it does not address his remaining arguments.

### A.     Adequate Notification

Loc T. first argues that he did not receive proper notification of the revocation of his release. *Id.* ¶¶ 40-48. Specifically, he contends that ICE failed to provide timely written notice and did not adequately inform him of the reasons for the revocation. *Id.*

The regulations require that *"[u]pon revocation*, the alien will be notified[.]" 8 C.F.R. § 241.13(i)(3)(emphasis supplied). Here, Loc T.'s Order of Supervision was revoked on December 13, 2025, when he was taken into custody, but ICE did not provide notice of the revocation until December 23, 2025. Robinson Decl. ¶ 8, Ex. A at 1-2. Providing notice ten days after detaining Loc T. contravenes the regulation's express requirement that notice be given "[u]pon revocation[.]" 8 C.F.R. § 241.13(i)(3); *see also M.S.L. v. Bostock*, No. 6:25-CV-01204, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025) (finding ICE violated the regulation by giving written notice two days after petitioner was taken into custody).

Moreover, the notice of revocation is substantively deficient. Section 241.13 requires ICE to notify the noncitizen of "the reasons for revocation of his or her release." 8 C.F.R. § 241.13(i)(3). The notice served on Loc T. only states that: "[s]ince being released, removal from the U.S. is now significantly likely in the reasonably foreseeable future. Based on changed circumstances in your case you will be brought back into ICE custody." Robinson Decl., Ex. A at 1. This language "merely parrot[s] the regulatory text governing re-detention." *Roble v. Bondi*, 803 F. Supp. 3d 766, 771 (D. Minn. 2025). It does not identify what circumstances have changed, nor does it explain why those changes render removal significantly likely in the near future.

The majority of courts considering this issue have held that a notice that "simply recites the language of the regulation does not satisfy the Government's obligation to provide the 'reasons' why [an] [o]rder of [s]upervision was revoked." *Roble*, 803 F. Supp. 3d at 772; *see also Hagos v. Noem,* No. 3:26-CV-150, 2026 WL 202873, at *3 (S.D. Cal. Jan. 27, 2026) (finding notice that stated "ICE has determined you can be expeditiously removed" to be insufficient); *Choy v. Woosley*, No. 4:25-CV-197, 2026 WL 324601, at *6 (W.D. Ky. Feb. 6, 2026) (same). As these courts have explained, "§ 241.13(i)(3) requires ICE to make more than conclusory assertions about changed circumstances." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 784 (D. Minn. 2025) (collecting cases). This requirement is consistent with the language of the regulation. Section 241.13 mandates that ICE conduct an initial interview to afford the noncitizen an "opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). A notice that provides no explanation beyond boilerplate language deprives the noncitizen of any meaningful opportunity to respond. *See Perez-Escobar v. Moniz*, 792 F. Supp. 3d 224,

6

226 (D. Mass. 2025) ("ICE's conclusory explanation for revoking Petitioner's release did not offer him adequate notice of the basis for the revocation decision such that he could meaningfully respond[.]"). Indeed, it is impossible for Loc T. to contest ICE's asserted basis for re-detention when ICE does not disclose what that basis is.

Accordingly, because the Government violated its own regulations by failing to provide adequate notice of the revocation of his release, Loc T. is entitled to habeas relief.

### B.    Changed Circumstances

Even assuming the Government had provided adequate notice, it has failed to meet its burden of establishing the "changed circumstances" that warrant the revocation of Loc T.'s release. *See Yee S. v. Bondi*, No. 25-CV-02782, 2025 WL 2879479, at *4 (D. Minn. Oct. 9, 2025) ("section 241.13 regulations place the burden on ICE to establish that 'changed circumstances' justified the revocation of release.") (collecting cases). Under the regulation, a revocation of release must be grounded in more than generalized assertions that removal is now likely. *See id.* at *5 (finding the Government's "vague and conclusory assertions" that removal was significantly likely soon are insufficient evidence of changed circumstances); *see also Vu v. Noem,* No. 1:25-CV-01366, 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025) (same). Rather, section 241.13 requires ICE to consider several factors, including:

> [T]he history of the alien's efforts to comply with the order of removal, the history of [ICE]'s efforts to remove aliens to the country in question or to third countries, including the ongoing nature of [ICE]'s efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, the Government fails to address any of these enumerated factors. It does not identify what circumstance has changed since Loc T.'s release in 2009, let alone explain how any such change makes his removal to Vietnam significantly likely in the reasonably foreseeable future. Instead, the Government offers only conclusory statements that "ICE personnel recently determined" that Loc T. would likely be removed in the near future, Gov.'s Resp. 7, Dkt. No. 6, and that ICE is "actively working with Department of State and the Department of Homeland Security on removal logistics for [Loc T.]" Robinson Decl. ¶ 11. Courts confronted with "similarly paltry evidence of changed circumstances have…concluded that the government failed to meet its burden under 8 C.F.R. § 241.13(i)(2)." *Roble*, 803 F. Supp. 3d at 773; *see also Nguyen v. Hyde,* 788 F. Supp. 3d 144, 150 (D. Mass. 2025) (finding the Government violated the regulation because it "did not identify any facts to support that ICE re-detained [the petitioner] based on changed circumstances[.]"); *Arostegui-Campo v. Noem*, No. 25-CV-3064 JLS (MMP), 2025 WL 3280886, at *4 (S.D. Cal. Nov. 25, 2025) (holding that the "empty statement…that 'there is a significant likelihood of [] removal…' [a]s insufficient to satisfy [the Government's] burden."). The same is true here. Without evidence identifying the specific change and demonstrating why that change renders removal significantly likely in the reasonably foreseeable future, the Government has not established that revocation of Loc T.'s Order of Supervision was warranted under the regulations.

## IV.   Remedy

As a matter of course, "Government agencies are required to follow their own regulations." *Garrison G.,* 2026 WL 157677, at *3 (citing *United States ex rel. Accordi v. Shaughnessy,* 347 U.S. 260, 268 (1954)). Most courts, when faced with similar petitions,

8

have ordered the petitioner's immediate release from custody. *See, e.g., Roble*, 803 F. Supp. 3d at 774 ("The Court will thus follow the approach of other courts facing similar cases and order [petitioner's] release from custody as a remedy for ICE's illegal re-detention"); *Tan-Gutierrez v. Noem*, No. 3:26-CV-00152, 2026 WL 194747, at *6 (S.D. Cal. Jan. 26, 2026) (ordering immediate release "because ICE violated its own regulations"); *Faysal N. v. Noem*, No. 25-CV-04641, 2026 WL 36066, at *5 (D. Minn. Jan. 6, 2026) (same). Accordingly, this Court recommends granting the petition insofar as Loc T. seeks his immediate release, subject to his preexisting Order of Supervision.[2]

Additionally, there is the matter of Loc T.'s request for fees and costs under the Equal Access to Justice Act (EAJA). Pursuant to District of Minnesota Local Rule 54.3(a), "[a] party must file and serve an application for fees under the Equal Access to Justice Act within 30 days of final judgment as that term is defined in 28 U.S.C. § 2412(d)(2)(G)." Because Loc T. has yet to file a motion for EAJA fees, the issue is not ripe for a decision. The Court recommends resolving Loc T.'s request for EAJA fees in the ordinary course.

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Loc T.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED; and

---

[2] Many of Loc T.'s requests for relief are not addressed because they are predicated on legal conclusions not reached by this Report and Recommendation (e.g., that the Government violated the Administrative Procedure Act) nor necessary to its decision.

2.      Loc T. be immediately released from custody, subject to the conditions in his preexisting Order of Supervision dated October 13, 2009.

Dated: February 12, 2026                          __s/ David T. Schultz_____
                                                  DAVID T. SCHULTZ
                                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).