UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LOC T.,

        Petitioner,

v.

PAMELA BONDI, Attorney General;
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; DEPARTMENT OF
HOMELAND SECURITY; TODD M.
LYONS, Acting Director of Immigration
and Customs Enforcement;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; DAVID EASTERWOOD,
Acting Director, St. Paul Field Office,
Immigration and Customs Enforcement;
and RYAN SHEA, Sheriff of Freeborn
County,

        Respondents.

Case No. 25-CV-4705 (PJS/DTS)

ORDER

---

    David L. Wilson and Gabriela Sophia Anderson, WILSON LAW GROUP, for petitioner.

    Justin Merak Page, UNITED STATE'S ATTORNEY'S OFFICE, for all respondents except Ryan Shea.

    David John Walker, FREEBORN COUNTY ATTORNEY'S OFFICE, for respondent Ryan Shea.

    This matter is before the Court on the federal respondents' objection to the February 12, 2026, Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz recommending petitioner Loc T.'s petition for a writ of habeas corpus be

granted.[1]  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules the objection and adopts the R&R.

The Court agrees with Judge Schultz that United States Immigration and Customs Enforcement ("ICE") violated its own regulations—specifically, 8 C.F.R. § 241.13(i)(2)—when it detained Loc because the government has not established changed circumstances that make Loc's removal significantly likely to occur in the foreseeable future.[2]  The government's sole proffered "changed circumstance" is that "ICE Headquarters and Removal Operations is actively working with [the] Department of State and the Department of Homeland Security on removal logistics for [Loc]."  Robinson Decl. ¶ 11, ECF No. 7; *see also* ECF No. 11 at 3.  But such "paltry evidence of changed circumstances" cannot satisfy the government's burden under § 241.13(i)(2).  *See Roble v. Bondi*, 803 F. Supp. 3d 766, 773 (D. Minn. 2025).[3]

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

[2]The Court agrees with Judge Laura Provinzino that "[a]lthough [petitioner] has the ultimate burden of proving entitlement to habeas relief, the regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future . . . ."  *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (citations omitted).

[3]Several judges in this District have found similar statements by the government to be insufficient to establish changed circumstances for purposes of § 241.13(i)(2).  *See,*
(continued...)

In its objection, the government relies heavily on *Zadvydas v. Davis*, 533 U.S. 678 (2001). But *Zadvydas* is irrelevant. As Judge Myong J. Joun explained:

> This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*. This case is about ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [Order of Supervision].

*Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025).

Because the Court has found that ICE violated its own regulation in re-detaining Loc, the Court need not decide whether ICE *also* violated the Constitution or a federal statute (as alleged in Loc's petition).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondents' objection [ECF No. 11] is OVERRULED.

2. The Report and Recommendation [ECF No. 10] is ADOPTED.

---

³(...continued)
*e.g.*, *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 784–85 (D. Minn. 2025); *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 901–02 (D. Minn. 2025); *Faysal N. v. Noem*, No. 26-CV-4641 (JMB/DLM), 2026 WL 36066, at *5 (D. Minn. Jan. 6, 2026); *Garrison G. v. Bondi*, No. 26-CV-0172 (JMB/DJF), 2026 WL 157677, at *3 (D. Minn. Jan. 17, 2026); *Ban S. v. Bondi*, No. 25-CV-4750 (PJS/ECW), ECF No. 12 (D. Minn. Jan. 26, 2026); *Claudio A.A. v. Bondi*, No. 26-CV-0742 (KMM/LIB), 2026 WL 468232, at *5–6 (D. Minn. Feb. 12, 2026), *report and recommendation adopted*, 2026 WL 478347 (D. Minn. Feb. 18, 2026).

3. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

4. Respondents are ORDERED to release petitioner from custody within 48 hours of entry of this Order, subject to the conditions of his Order of Supervision dated October 13, 2009. If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota.

5. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 3, 2026, at 8:20 am     /s/ Patrick J. Schiltz
                                     Patrick J. Schiltz, Chief Judge
                                     United States District Court